IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | (UNDER SEAL) |
| v. | No. 1:19-CR-334 |
| XIZHI LI, | Hon. Leonie M. Brinkema |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT LI'S MOTION FOR A *FARMER* HEARING (DKT. 68) AND GOVERNMENT'S MOTION TO DISMISS**

The United States of America, by and through undersigned counsel, respectfully moves this Court to dismiss Defendant Li's Motion for a *Farmer* Hearing because a *Farmer* hearing (more commonly referred to as a *Jones-Farmer* hearing) is only applicable when there are assets to which a defendant has ownership that are currently seized or restrained. There are no assets in this case that are currently seized or restrained and, thus, there are no assets to release. Even if the asset raised by the Defendant was seized or restrained, the Defendant has failed to fulfill his burden to qualify for a hearing such that, otherwise, a denial of the Defendant's motion is required. The Defendant is not entitled to a *Jones-Farmer* hearing.

I.  **Relevant Procedural History**

On about April 26, 2019, the United States Attorney's Office in the Western District of Tennessee filed a civil forfeiture action against funds, approximately $617,524.24 (the funds at issue), that were seized from a Compass BBVA account ending 8084 (2:19-cv-02265-MSN-tmp; Dkt 1) pursuant to a federal seizure warrant issued in the Western District of Tennessee. The

1

United States Attorney's Office in the Western District of Tennessee filed a motion for default judgment on January 7, 2020 (2:19-cv-02265-MSN-tmp; Dkt. 15), which was granted on January 8, 2020 (2:19-cv-02265-MSD-tmp; Dkt. 18).

On or about November 7, 2019, the United States Attorney's Office for the Eastern District of Virginia and the Money Laundering and Asset Recovery Section presented an Indictment to a grand jury in the Eastern District of Virginia which returned a true bill as to three counts as well as a Forfeiture Notice, the current matter before the Court. Dkt. 1. Count One charges a conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. *Id.* Count 2 charges conspiracy to distribute five kilograms or more of cocaine knowing and intending that it would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959, 960 and 963. *Id.* Count 3 charges a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The Forfeiture Notice includes a request for a money judgment in the amount of at least $30,000,000, and, in terms of actual assets, listed funds in multiple bank accounts, including the funds at issue that Defendant specifically cites in his motion. Defense Motion: 1, hereinafter "DM: page number."

Defendant arrived in the United States from Mexico on or about December 18, 2019. Dkt. 10. On June 12, 2020, the Government filed a motion to dismiss paragraphs (b) and (c) of the forfeiture notice that relate to the funds at issue after discovering that there was no seized asset, because the funds at issue had already been forfeited in the Western District of Tennessee. Dkt. 56. The Court granted the motion on June 12, 2020. Dkt. 58. The defendant's instant motion was filed on July 13, 2020. Dkt. 68.

2

## II. Motion to Dismiss Defendant Li's Motion for a *Farmer* Hearing

A motion for the pre-trial release of seized or restrained property is governed by a series of cases including *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), *United State v. Jones*, 160 F.3d 641 (10th Cir. 1998), and *Kaley v. United States*, 571 U.S. 320 (2014).[1] However, the motion must by definition be premised upon the fact that there is, in fact, property that has been, and continues to be, seized or otherwise restrained by the Government. The purpose of pretrial seizure or restraint is to ensure that the property is still available when forfeiture proceedings are completed. See 21 U.S.C. § 853(e)(1) (restraint in criminal forfeiture); 18 U.S.C. § 983(j)(1) (restraint in civil forfeiture). Where the legal process has concluded, and the property forfeited, it is no longer restrained and *Jones-Farmer* does not apply.

In the case before the Court, the funds at issue were seized when a federal seizure warrant was served in 2018. As explained in the Government's motion to dismiss, the prosecutors handling this matter in EDVA were unaware that the funds at issue were being forfeited in the Western District of Tennessee at the time that this case was indicted and, upon learning that the funds at issue were forfeited, moved to dismiss that portion of the Forfeiture Notice. Dkt. 56. There is simply no seized or restrained property at this time relevant to the Defendant.

As the Court noted on June 12, 2020, the Defendant's proper path forward is to address this where the funds at issue were forfeited—the Western District of Tennessee.

---

[1] The Defendant cites to *Luis v. United States*, 136 S.Ct. 1083 (2016) in support of his theory that he is entitled to a *Jones-Farmer* hearing. DM: 1. *Luis* stands for the proposition that a defendant has the right to use untainted/innocent assets to pay for counsel. 136 S.Ct. at 1095. It, however, does not discuss the framework within which a hearing is to be conducted or requirements that must be met as delineated in *Jones-Farmer*, and therefore has no applicability to the Court's analysis of the present matter.

3

> Well, look, your problem is this is an order from a different district. If you're objecting to an order issued in the Western District of Tennessee, you need to file something there. I'm not going to address it here. It's moot as far as I'm concerned .... I can't reverse another district judge's order and I'm not going to -- another judge's order. If you feel that the Western District made a mistake in not getting -- not having evidence of notice to your client, that's where you have to bring it, not here.

Status Conference Transcript: 4.

The Defendant tries to confer jurisdiction by citing to *Republic National Bank of Miami v. United States*, 506 U.S. 80, 84 (1992). DM: 3, fn. 1. But that case concerned a civil-forfeiture action where a bank unsuccessfully asserted a claim against *in rem* property. *Id.* at 82-83. The Court of Appeals ruled that it did not have jurisdiction because the proceeds from the sale of the property were placed in the Assets Forfeiture Fund of the United States Treasury. *Id.* The Supreme Court rejected that claim. *Id.* at 93. This case simply has no application to the current matter.[2]

### III. Even Assuming Jurisdiction, the Defendant Still Fails to Meet His Burden to Qualify for a *Jones-Farmer* Hearing

    A.    The *Jones-Farmer* Rule

---

[2] The Government notes that the Defendant filed an interlocutory appeal to the Fourth Circuit with respect to this Court's order dismissing subparagraphs (b) and (c) from the Forfeiture Notice. The instant motion seeks to obtain all or some of those same assets. The Government respectfully requests that this Court reserve its judgement on the instant motion until the interlocutory appeal has been resolved. *See United States v. Montgomery*, 262 F.3d 233, 239 (4th Cir. 2001) ("Ordinarily, an appeal confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*.") (internal quotation marks and citation omitted) (emphasis added). To that end, the Government plans to file a motion to dismiss the pending interlocutory appeal as a matter not properly before the appellate court.

4

It is well-established that there is no automatic right to a pre-trial hearing where a defendant may demand the release of seized or restrained property subject to forfeiture. To the contrary, if the property has been seized or restrained based on a finding of probable cause, a defendant must make two showings in order to be entitled to a hearing: (1) that the continued unavailability of the property is infringing on his Sixth Amendment right to have counsel of his choice represent him in a criminal case; and (2) that there is reason to believe that the court and/or the grand jury erred in making the probable cause finding that led to the seizure or restraint of his property. This is commonly known as the *Jones-Farmer* rule. *See Jones*, 160 F.3d, at 647 (defendant has initial burden of showing that he has no funds other than the restrained assets to hire private counsel, and that there is bona fide reason to believe the restraining order should not have been entered); *Farmer*, 274 F.3d, at 804-05 (following *Jones*; same two-part test applies where property the defendant says he needs to hire counsel in criminal case has been seized or restrained in related civil forfeiture case).

*Jones-Farmer* reflects the need to balance the Government's right to avoid the premature disclosure of its evidence and witnesses prior to trial against the defendant's right to have access to his property when he needs it to preserve his constitutional right to counsel. *See Jones*, 160 F.3d, at 647; *United States v. Kielar*, 791 F.3d 733, 739-40 (7th Cir. 2015) (defendant has no right to a post-restraint hearing unless he demonstrates with reliable evidence that he lacks other funds with which to retain counsel); *Kaley*, 571 U.S., at 353 ("To even be entitled to the hearing, defendants must first show a genuine need to use the assets to retain counsel of choice") (Roberts, C.J., dissenting). *See generally*, Stefan D. Cassella, Asset Forfeiture Law in the United States (2d ed. 2013), § 17-6 (explaining the *Jones-Farmer* rule).

In addition, even if he makes that showing, the defendant must show that there is reason to believe that the court and/or the grand jury erred in finding probable cause to believe that the property was subject to forfeiture. *See United States v. Wijetunge*, 2015 WL 6605570, at *10 (E.D. La. 2015) (assuming *arguendo* defendant could make the Sixth Amendment showing, but denying the request for the hearing because he could not satisfy the second *Jones-Farmer* requirement); *United States v. Peppel*, 2008 WL 687125, at *2 & *6 (S.D. Ohio 2008) (defendant satisfies the first prong of *Jones* but he is not entitled to probable cause hearing because he cannot satisfy the second prong; there was no reason to believe the grand jury erred in finding that the restrained property was traceable to criminal proceeds); *United States v. St. George*, 241 F. Supp. 2d 875, 878-80 (E.D. Tenn. 2003) (defendant must make threshold showing that she lacks alternative source of funds to retain counsel and that there is reason to believe there is no probable cause for the forfeiture of the restrained property; denying hearing to defendant who failed to make second showing). Thus, if a defendant cannot satisfy both of the *Jones-Farmer* requirements, his or her objection to the Government's attempt to forfeit property must wait until he or she has been convicted and the Government seeks the entry of a forfeiture order in the forfeiture phase of the case. *See* Fed. R. Crim. P. 32.2(b).

B.   The Defendant Failed to Establish a Genuine Need for the Funds at Issue

The Defendant's motion asserts that

> The entirety of Defendant's accessible assets has been restrained by the Government in the seizure followed by the default forfeiture of the $617, 524.24 seized from his BBVA account ending in 8084. Defendant requires those forfeited funds in order to defend the charges that bring him before this Court.

DM: 6. This statement, without more, is insufficient to establish the genuine need as required.

6

In *Keilar*, the court noted that the defendant "has offered no documentary evidence, other than an unsubstantiated affidavit, to demonstrate that the restrained assets were needed to conduct his defense.... Mr. Keilar's one-and-a-half-page affidavit does not provide enough information, much less enough reliable information, to allow the district court to make this finding." 791 F.3d at 739-740.

In a summary of applicable cases on the subject, the D.C. Circuit Court of Appeals noted:

> Every court that has addressed the issue has found that a defendant's merely conclusory allegation that he lacks the funds to retain counsel of choice is insufficient ... in order to obtain a hearing the defendant must present some evidence that he will be deprived of counsel of choice if he cannot access the seized assets.

*United States v. Emor*, 794 F.Supp.2d. 143, 149 (D.C. Cir. 2011) (citing *Jones* and *Farmer*). The Defendant's bare assertion of need falls far short of the representations in *Keilar*, which the Seventh Circuit found to be insufficient.

Further, the Defendant has retained three private attorneys during the pendency of this case. Dkts. 23, 24, 47. Additionally, during the investigation law enforcement identified multiple foreign businesses and multiple pieces of foreign real estate owned by the Defendant, and at least one foreign bank account held by the Defendant. The Defendant has financial resources, which he implicitly acknowledges when he argues about "accessible assets". DM: 6.

  C. The Defendant Failed to Establish Error on the Part of the Grand Jury that Made a Finding of Probable Cause

In addition, the Defendant must also show that there is reason to believe that the grand jury erred in finding probable cause to believe that the seized property was subject to forfeiture. The Defendant asserts, relying on *Farmer,* that "[t]he Fourth Circuit held that, upon a showing of need to use forfeitable assets for this purpose, a defendant is entitled to a pretrial hearing..." DM: 1.

This wholly ignores the second requirement of *Jones-Farmer*.[3] The failure to meet both requirements means that the Defendant is not entitled to a hearing as a matter of law.

### IV. Even Assuming Proper Jurisdiction and Showing of the Jones-Farmer Requirements, Defendant Cannot Attack the Probable Cause Finding of the Grand Jury as to the Substantive Offenses.

The Defendant is prohibited at a *Jones-Farmer* hearing from challenging the probable cause finding for the substantive counts in an indictment. *Kaley*, 571 U.S. at 320. In this context, "A defendant has no right to judicial review of a grand jury's determination of probable cause to think a defendant committed a crime." *Id.* at 333. To the extent that the Defendant voices concerns about venue and the "largely cursory assertions" about the conspiracy, among other matters, it is simply not permissible to use these as a basis for a *Jones-Farmer* hearing under Supreme Court precedent. DM: 2.

### V. *Honeycutt* does not Apply to a *Jones-Farmer* Hearing

The Defendant alleges that "*Farmer* relief can be granted on the law in light of the Indictment's violation of *Honeycutt* without resort to a factual hearing." DM: 5. This argument misconstrues the applicability of *Honeycutt* to a *Jones-Farmer* scenario. *See Honeycutt v. United States*, 137 S.Ct. 1626 (2017). As noted *supra*, *Jones-Farmer* applies to the pretrial seizure and restraint of assets. *Honeycutt*, on the other hand, has nothing to do with the pretrial seizure or restraint of assets. In fact, *Honeycutt* only comes into play at sentencing and only with regard to the application of joint and several liability on a money judgment that will be fulfilled under the provisions of 21 U.S.C. § 853. *Id.* at 1635. The Forfeiture Notice to which the Defendant takes issue is just that, a notice provision required by law so that a defendant is aware that the

---

[3] The words "error", "grand", and "jury" do not appear in the Defendant's motion.

8

Government will seek a money judgement up to the amount listed in the Forfeiture Notice. *See* Fed. R. Crim. P. 32.2(a).

Thus, in addition to not being applicable at this stage of the proceedings, Defendant's argument also misses the mark with regard to the application of 21 U.S.C. § 853. Defendant mistakenly argues that because each part of the Forfeiture Notice refers to 21 U.S.C. § 853, all forfeiture is bound by *Honeycutt*. DM: 2, 3. What that ignores is that the substitute asset provision of 21 U.S.C. § 853 applies to several different theories of forfeiture. The Defendant appears to concentrate solely on forfeiture premised on a proceeds theory. DM: 4. There are five theories upon which assets are subject to forfeiture including proceeds, facilitating property, and involved in assets depending on the violated statute, each of which is alleged in the Forfeiture Notice as a theory of forfeiture in this matter. Dkt. 1; 21 U.S.C. § 853(a); 18 U.S.C. § 982(a)(1).

One basis for forfeiture alleged in the Indictment is that property at issue is "involved in" money laundering and the defendant served as a courier, or in the case of the Defendant as a leader who coordinated the couriers, such that *Honeycutt* does not apply at all. Dkt. 1; 18 U.S.C. § 982(b)(2); *United States v. Kenner*, 2020 WL 1148671, at *12 (E.D.N.Y. Mar. 10, 2020) (citing *United States v. Miller*, No. 17-CR-213, 2019 WL 6792762, at *5 (E.D. Va. Dec. 12, 2019)).[4] Under 18 U.S.C. § 982(b)(2):

> The substitution of assets provisions of [subsection 853(p)] shall not be used to order a defendant to forfeit assets in place of the actual property laundered where such defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense *unless* the defendant, in

---

[4] While the *Miller* decision indicates that *Honeycutt* does not apply to any forfeiture under 18 U.S.C. § 982, consistent with DOJ policy on *Honeycutt* matters, the United States is only arguing that involved in money laundering which falls under the application of 18 U.S.C. § 982(b)(2) is exempt from the application of *Honeycutt*.

9

> committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve month period."

*Id* (Emphasis added.). In the instant case, the Defendant, as a leader, coordinated the movement of, as an exceptionally conservative amount, $30,000,000 during the course of this conspiracy and, which in all instances related to more than three trips exceeding $100,000 in any twelve-month period of the conspiracy. Defendant's argument about personally obtaining proceeds is inapposite. DM: 4. *Honeycutt* simply does not apply to this theory of forfeiture. Further, forfeiture under 18 U.S.C. § 982(b)(2) makes a defendant responsible for the amount of money laundered, not just proceeds obtained as a result of laundering money.

The Defendant argues that the Government's theory for a money judgment is wrong as a matter of law and, therefore, the funds should be released. DM: 4-5. If the Defendant disagrees about the theory of forfeiture and the money judgment, that is a matter that is tried to this Court as part of the forfeiture proceedings, not as part of a *Jones-Farmer* hearing. Fed. R. Crim P. § 32.2(b)(1).

## VI. Conclusion

WHEREFORE, the Government requests that the motion be dismissed as there are no assets currently seized or restrained pretrial.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

Deborah Connor, Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

10

By: /s/ Kerry Blackburn
Kerry Blackburn
Oklahoma Bar (22918)
Trial Attorney
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice
Kerry.Blackburn2@usdoj.gov

David A. Peters
Assistant United States Attorney
Eastern District of Virginia

## Certificate of Service

I certify that on July 22, 2020, I filed the foregoing brief with the Clerk of the Court, and sent an electronic copy to counsel for the defendant.

By: _____
David A. Peters
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov