IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **(UNDER SEAL)** |
| v. | CRIMINAL NO. 1:19-CR-334 (LMB) |
| XIZHI LI, | Trial Date: February 16, 2021 |
| Defendant. | |

**GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS INDICTMENT AS IMPROVIDENT**

The United States of America, by and through undersigned counsel, hereby submits this response opposing defendant Xihzi Li's (hereafter "LI") motion to dismiss the indictment as "improvident." The Court should deny this motion because the defense has failed to allege a deficiency in the indictment or grand jury process.

**FACTUAL BACKGROUND**

The government conducted an extensive investigation into the money laundering and drug trafficking activities of LI. As part of this investigation, the government asked several witnesses to testify before the grand jury in the Eastern District of Virginia. Of these witnesses, three testified before panel 19-4 and two testified before panel 19-1. The government eventually asked panel 19-4 to return a three-count indictment charging LI, and others, with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, conspiracy to distribute five kilograms or more of cocaine knowing and intending that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§§ 959, 960, and 963, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) and (a)(1)(B)(i). The indictment also included a forfeiture notice seeking a money judgment of at

least $30,000,000 and the contents of certain bank accounts to which the defendant(s) had access. On November 7, 2019, panel 19-4 found the government established probable cause with respect to LI (and his co-defendants) and returned the indictment and forfeiture notice as a true bill.

## DEFENDANT'S ALLEGATION

The defendant alleges that the grand jury's return of the indictment was "improvident."[1] In support of this position, he relies largely on *In re: Grand Jury Proceeding Frederick Martin Oberlander v. United States*, 961 F.3d 138 (2d Cir. 2020). There, the Second Circuit found that one cannot be compelled to respond to a subpoena issued by an expired grand jury. *Id*. The *Oberlander* court explained, however, that a later grand jury subpoena seeking the same material issued by an active panel was enforceable against the non-compliant witness. *Id.* at 148. In so holding, the *Oberlander* court noted that "It is well settled that more than one grand jury may investigate the same matter." *Id.* at 147 (citation omitted). Not only does this *dicta* undermine the defendant's argument, it is clear that *Oberlander* is not an analogous case and does not govern the issue the defendant is attempting to raise. Instead, the government directs this Court to the following legal standards.

## GOVERNING LAW

The grand jury is solely responsible for determining whether probable cause exists to initiate a felony prosecution. *Kaley v. United States*, 571 U.S. 320, 328 (4th Cir. 2014) ("The grand jury gets to say—without any review, oversight, or second-guess—whether probable cause

---

[1] The government was unable to find any authority, and the defendant cites none, that establishes or describes "providency" of the grand jury as a basis to quash an indictment. Therefore, the government is assuming that by calling the grand jury "improvident" the defendant is actually alleging that the indictment was not based on probable cause.

2

exists to think that a person committed a crime."). "[A]n indictment 'fair upon its face,' and returned by a properly constituted grand jury . . . conclusively determines the existence of probable cause[.]" *Gerstein v. Pugh*, 420 U.S. 103, 117, n. 19, (1975) (internal citations and quotations omitted). Generally, the government is entitled to a presumption of regularity if an indictment is facially valid and returned by a legally constituted and unbiased grand jury. *See Costello v. United States*, 350 U.S. 359, 363 (1956); *see also United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993) (discussing "longstanding rule of law that courts may not look behind grand jury indictments if returned by a legally constituted and unbiased grand jury") (internal citations and quotations omitted). The presumption of regularity cannot be overcome except by "particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring). As the Fourth Circuit explained in *Mills*, the Supreme Court's decisions with respect to the Fifth Amendment's Indictment Clause "teach that courts lack authority to review either the competency or sufficiency of evidence which forms the basis of an indictment and may not quash indictments when the errors which produce them, such as prosecutorial misconduct or violation of a statute, do not affect substantial rights." 995 F.2d at 487 (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988); *Mechanik*, 475 U.S. at 66; *Costello*, 350 U.S. at 359).

Federal Rule of Criminal Procedure 6 governs practice before the grand jury. Specifically, Rule 6(e)(C) provides that, "[a]n attorney for the government may disclose any grand-jury matter to another federal grand jury." The Fourth Circuit has long embraced the principle memorialized in Rule 6(e)(C). *See United States v. Penrod*, 609 F.2d 1092, 1095-97 (4th Cir. 1979) (finding no violation of Rule 6(e) where information obtained by grand jury in the District of Columbia later presented to grand jury sitting in the Eastern District of Virginia).

3

Moreover, sister circuits have similarly affirmed the government's ability to present summaries and/or transcripts of testimony in lieu of calling witnesses who have already testified before separate grand jury panels. *See United States v. Flomenhoft*, 714 F.2d 708, 711-12 (7th Cir. 1983) (reliance on transcripts permissible); *United States v. Long*, 706 F.2d 1044, 1050 (9th Cir. 1983) (reliance on summaries permissible).

## ANALYSIS

In support of his motion, and in addition to his broader—mistaken—argument that it was improper for two panels to hear relevant testimony, the defendant also cites to one possible, and minor, inconsistency between evidence presented to the Grand Jury and language in the indictment.[2] ECF No. 67 at 2. This falls well short of "particularized proof of irregularities in the grand jury process[,]" *Mechanik*, 475 U.S. at 75, and is insufficient to overcome the strong presumption of regularity the government enjoys with respect to a facially valid indictment. *See Costello*, 350 U.S. 363; *see also Mills*, 995 F.2d at 487.

WHEREFORE, as the defense has failed to allege a deficiency in the grand jury process, let alone fulfil his burden of demonstrating particularized proof regarding a deficiency, the government respectfully requests that this Court DENY his motion to dismiss the indictment.

---

[2] The closest the defendant comes to alleging an irregularity is to claim that one witness testified that the defendant's BBVA bank account was seized on March 2, 2019, which is different from the date alleged in the forfeiture notice in the indictment. Notwithstanding this Court's June 12, 2020, order granting the government's motion to dismiss that portion of the forfeiture notice, ECF No. 58, the defendant cites no authority that supports a judicial finding of deficiency or irregularity in the grand jury process on this basis.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
David A. Peters
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

5

**Certificate of Service**

I certify that on July 22, 2020, I filed the foregoing brief with the Clerk of the Court, and sent an electronic copy to counsel for the defendant.

By: /s/

David A. Peters
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov