IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D
AUG 17 2020
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 1:19cr334 |
| ) | Hon. Leonie Brinkema |
| XIZHI LI, ) | **UNDER SEAL** |
| Defendant. ) | |

## MOTION TO COMPEL DISCOVERY

Comes now Defendant Xizhi Li, by counsel, and moves this Court pursuant to Fed. R. Crim. P 16, and to enable Defendant's preparation for the *Farmer* hearing to which he is entitled, to compel the Government to disclose:

> All evidence pertinent to the establishment of "the requisite connection [or lack thereof] to the crime" of any property purportedly of Defendant.

*United States v. Honeycutt*, 137 S. Ct. 1626, 1633 (2017) (citing *Kaley v. United States*, 571 U.S. 320, 324 (2014)).

Further, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), Defendant moves this Court to compel the disclosure of all communications between or among any of the following: offices and/or agents of the DEA, the United States Attorney's Office for the Western District of Tennessee and the United States Attorney's Office for the Eastern District of Virginia; regarding the BBVA bank account ending in 8804, its contents, and any effort (or lack thereof) to provide notice to Defendant of WDTN civil forfeiture action 19-2265.

Finally, Defendant repeats his opposition to the Government's request that this Court hold in abeyance the resolution of Defendant's Motion for a *Farmer* Hearing pending resolution of Defendant's pending appeal before the Fourth Circuit. (Government's Response to

1

Defendant's *Farmer* Motion at n. 2.) As adduced in his Reply to the Government's Opposition to Defendant's *Farmer* Motion, this Court's resolution of the *Farmer* motion will not transgress the Fourth Circuit's current jurisdiction over the dismissal of the forfeiture count subject of the appeal. This Court unquestionably has constitutional authority to hold a *Farmer* hearing, and by definition such a proceeding must take place pretrial to secure the Defendant's right to choose counsel to prepare for a trial. Having been endowed with jurisdiction to dispose of the funds in question by virtue of the inclusion of a count for their forfeiture in the indictment, this Court is now enabled to order their disgorgement from the United States Treasury in deference to Defendant's Sixth Amendment right to counsel. See *Republic National Bank of Miami v. United States*, 113 S. Ct. 554, 561 (1992).

The Government is arguing, to the Fourth Circuit, that it lacks jurisdiction (a lack of Article III appellate standing and lack of finality) to consider this Court's prior dismissal order. If, as the Government contends, the Fourth Circuit lacks jurisdiction to consider the Government's pretrial conduct, then only this Court would have it, placing Defendant's constitutional rights solely in this Court's hands. Further, the outcome of the *Farmer* hearing, and discovery disclosed in preparation therefore, could nourish the appeal pending before the Fourth Circuit

                                              Respectfully Submitted,

                                              XIZHI LI
                                              By Counsel

                                              /s/
                                              John C. Kiyonaga

                                              600 Cameron Street
                                              Alexandria, Virginia 22314
                                              Telephone: (703) 739-0009
                                              Facsimile:  (703) 340-1642

E-mail: john@johnckiyonaga.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on August 17, 2020, I hand filed the foregoing with the Clerk of Court and served electronically AUSA David Peters.

/s/
John C. Kiyonaga