IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>XIZHI LI,<br><br>  Defendant. | Case No. 1:19-CR-334 (LMB) |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO APPEAL *IN FORMA PAUPERIS*

COMES NOW the United States of America in response to defendant Xizhi Li's (hereafter "the defendant") motion to appeal *in forma pauperis*, pursuant to Rule 24 of the Federal Rules of Appellate Procedure. The United States opposes this motion because the defendant failed to comply with Rule 24. The United States also opposes the defendant's appeal of this Court's order of September 17, 2020, denying his motion for a *Jones-Farmer* hearing, because he failed to file a timely notice of appeal in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

Rule 24(a)(1)(A) – (C) provides:

> [a] party to a district court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

The defendant's motion did not include an affidavit signed by the defendant, much less one that contains the detail required by Form 4, an informational copy of which is attached as Exhibit 1. *See* ECF No. 123. Therefore, this Court should deny his motion to appeal *in forma*

*pauperis* for failure to comply with basic requirements of Rule 24.

Additionally, the defendant has failed to file a timely notice of appeal with respect to this Court's order denying his motion for a *Jones-Farmer* hearing. Federal Rule of Appellate Procedure 4(b)(1)(A)(i) provides that "[i]n a criminal case, the defendant's notice of appeal must be filed within 14 days after the later of the entry of either the judgement or the order being appealed."

This Court entered the contested order on September 17, 2020. ECF No. 85. The defendant did not file the instant motion until October 13, 2020—26 days later—and he is still yet to file a notice of appeal.

Federal Rule of Appellate Procedure 4(b)(4) allows this Court, with or without a motion by the defendant, to extend the period to file a notice of appeal for 30 days after the otherwise applicable deadline for either "excusable neglect or good cause."

As an initial matter, Rule 4(b) is a non-jurisdictional claims processing rule. *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019) (citing *United States v. Hyman*, 884 F.3d 496, 498 (4th Cir. 2018)). As such, its deadlines can be waived or forfeited if not timely asserted. *Marsh*, *supra* at 529 (citations omitted). However, they become mandatory if "properly raised by an opposing party[,]" *id*. (citation omitted), and must then be "strictly applied[.]" *Hyman*, 884 F.3d at 499. The government has raised the Rule 4(b) timeline by asserting it here.

As Rule 4(b) has been asserted by the government, it is clear that the defendant has failed to file a notice of appeal, timely or otherwise. All that remains is whether there is excusable neglect or good cause for this Court to extend the filing deadline in accordance with Rule 4(b)(4). There is not.

In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380

(1993), the Supreme Court found that "excusable neglect" is an equitable standard, "taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395 (citation omitted). Circumstances include, but are not limited to, "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. (citation omitted). Although the *Pioneer* court was analyzing "excusable neglect" in a bankruptcy context, other courts have extended this standard to Rule 4(b)(4). *See*, *e.g.*, *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) ("[T]he Supreme Court's construction of 'excusable neglect' in Pioneer also applies to the term 'excusable neglect' as it is used in Federal Rule of Appellate Procedure 4(b)(4)."). Similarly, in interpreting 'good cause,' "the *Pioneer Investment* decision permits a reading of 'excusable neglect' that is so broad as to encompass most or all situations that would constitute 'good cause.'" 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3950.5 (5th ed. 2020).

With these standards in mind, the United States submits that there is no basis to extend the defendant's deadline to file a notice of appeal of this Court's order of September 17, 2020. The factor that weighs most heavily in the government's favor is the potential impact on the judicial proceedings. This is because the defendant lacks standing to appeal. As this Court has previously found, the government is not restraining any asset that would otherwise be available to the defendant following a *Jones-Farmer* hearing. Thus, the Fourth Circuit cannot redress the defendant's complained of harm by setting aside this Court's order denying his motion for such a hearing. Indeed the Fourth Circuit found as much in its order dismissing the defendant's previous

interlocutory appeal. *See* ECF No. 104 at 2-3.[1] Therefore, there is no practical reason to extend the defendant's deadline to file an appeal.

WHEREFORE, the United States respectfully requests that this Court deny the defendant's requested relief.

                                                     Respectfully submitted,
                                                     G. Zachary Terwilliger
                                                     United States Attorney

By: _____
      David A. Peters
      Assistant United States Attorney
      Eastern District of Virginia
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      (703) 299-3700
      david.peters@usdoj.go

---

[1] Although that appeal dealt with this Court's order granting the government's motion to dismiss items from the forfeiture notice, ECF No. 58, the defendant's appeal noted that his challenge was directed towards an eventual *Jones-Farmer* hearing.

**Certificate of Service**

I certify that on October 14, 2020, I filed the foregoing brief with the Clerk of the Court, and sent an electronic copy to counsel for the defendant.

By: _____
David A. Peters
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov