IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 1:19cr334 |
| ) | Hon. Leonie Brinkema |
| XIZHI LI, ) | |
| Defendant. ) | |

### DEFENDANT'S EMERGENCY MOTION FOR
### PRETRIAL RELEASE TO THIRD PARTY CUSTODIAN

Comes now Defendant Xizhi Li, by counsel, moves for pretrial release to a third-party custodian. In support of this motion, Defendant states as follows.

Defendant has now been incarcerated for over a year and counting. Despite this period, there is currently neither a set trial date nor the reasonable likelihood of a trial in the near future. This length of pretrial incarceration alone suggests burgeoning due process implications. *See*, *e.g.*, *United States v. Gonzales Claudio*, 806 F.2d 334, 341 (2d Cir. 1986) ("Detention that has lasted for 14 months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process.").

But as of last week, pretrial detention has become untenable. On Tuesday, December 15, 2020, Defendant tested positive for Covid-19. Since that date, undersigned has made repeated attempts to learn more detail about Defendant's condition, current situation, and his medical treatment. Despite such efforts, undersigned has received no word from the facility.

Defendant moves to reopen his detention hearing under 18 U.S.C. § 3142(f), in light of "information ... [that] was not known to the movant at the time of the hearing and that has a material bearing" on the propriety of pretrial detention. The newly available information calling

1

into question the propriety of detention is the fact that Defendant has contracted Covid-19 and is in a facility unable to treat him.

Alternatively, Defendant moves under 18 U.S.C. § 3142(i), which permits the Court to issue a "subsequent order" temporarily releasing an individual in custody "to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). There is hardly a more compelling reason than the health dangers confronting Defendant given his contraction of Covid-19 and the lack of adequate medical treatment. *See, e.g.*, *United States v. Scarpa*, 815 F. Supp. 88, 89 (E.D.N.Y. 1993)(granting temporary release where correctional officers could no longer manage defendant's treatment). The failure of the facility to provide any information about Defendant's condition only heightens the need for the Court to revisit the detention order.

Defendant's son, Stephen Li, has agreed to act as a third-party custodian. While Stephen currently resides in Los Angeles, CA, he is willing to move and secure living arrangements within the district for the duration of Defendant's pretrial release.

Defendant asks that the Court set a hearing on this matter at its earliest convenience.

WHEREFORE, for these reasons, Defendant moves for pretrial release into the custody of his son, Stephen Li.

    Respectfully Submitted,

    XIZHI LI
    By Counsel

    _____/s/_____
    John C. Kiyonaga

    600 Cameron Street
    Alexandria, Virginia 22314
    Telephone:  (703) 739-0009
    Facsimile:   (703) 340-1642

E-mail: john@johnckiyonaga.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on December 21, 2020, the foregoing was electronically filed with consequent service to AUSA David Peters.

\_\_\_\_/s/_____
John C. Kiyonaga

3