IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, )<br>  )<br>    v.     )<br>  )<br>XIZHI LI, )<br>    Defendant. )<br>  ) | Crim. No. 19cr334<br>Hon. Leonie Brinkema |

**Defendant's Reply to Government's Opposition to His Motion to Dismiss for Violation of the Right to a Speedy Trial and of the VI Amendment**

Comes now Defendant Li, and replies to the Government's opposition (Doc 261) filed in response to his motion to dismiss on Speedy Trial and Sixth Amendment grounds (Doc. 256).

As justification for a denial of the motion, the Government offers:

1. Undersigned's "insincerity" in asserting Defendant's Speedy Trial rights (Opposition, "Opp," at 8);

2. Undersigned's failure to collect discovery with the dispatch expected of him by Government's counsel (Opp at 23);

3. Undersigned's current unpreparedness for trial (Opp at 26); and

4. Defendant's affirmative impediment of the progress of the case to trial (Opp at 24).

These claims are irrelevant to the question before the Court and/or untrue.

An accused's entitlement to a statutory or Constitutional right does not depend on the sincerity of his counsel.[1]  Defendant has consistently asserted his Speedy Trial rights since undersigned appeared as his counsel.

---

[1] Undersigned disputes the claim that he has been insincere.  Prior to his first court appearance, undersigned did mention in a supposedly collegial exchange with Government's counsel, his initial inclination to seek a status conference in several months.  This was not a binding commitment and, as it happens, the course of that appearance persuaded undersigned that Defendant's interests call for a trial scheduled in compliance with the Speedy Trial Act.

1

Undersigned is not required to conduct the defense at a pace or in a manner acceptable to the Government.  It bears noting, however, that perhaps the most significant tranche of evidence, the contents of Defendant's Smartphone, has not yet been parsed and organized by the Government so as to permit meaningful review.  The Government is not entitled to an extended delay of a trial – particularly of a confined accused - while it gathers terabytes of putatively pertinent evidence from all over the globe.  It bears noting that the Government has provided Defendant a "roadmap" of the salient evidence against Defendant with supporting documentation.  Defendant's preparedness for trial is not the Government's concern.

Neither Defendant nor undersigned has impeded the progress of this case.   Undersigned has never "rejected" a proffered trial date (Opp at 28).  Rather, he has noted specific dates when he was unavailable.  Undersigned's statement to the Court that February 1, 2021 was "a little bit too early" referenced a previously scheduled jury trial before another judge of his Court expected to run beyond that date.

Having taken Defendant's money by default forfeiture judgment after failing to notice Defendant of its forfeiture action – notwithstanding he was at the time in the custody of the Marshals - the Government should not now be heard to claim that the appeals consequent to that forfeiture are "arguably frivolous" (Opp at 24).

While the charges at bar are undeniably serious, the facts of this case – the length and conditions of confinement, the gravely questionable manner in which the Government deprived Defendant of his own funds, and the apparently continuing acquisition of evidence by the Government auguring further delays – place a dismissal with prejudice within the Court's "confined" discretion.  *United States v. Tootle*, \65 F. 3d 381, 384 (4th Cir. 1995)(Niemeyer, J. concurring).

Respectfully submitted,

XIZHI LI
By Counsel

_____/x/_____
John C. Kiyonaga
600 Cameron Street
Alexandria, Va. 22314
Tel: 703-739-0009
Fax: (703) 340-1642
john@johnckiyonaga.com

Counsel for Defendant

Certificate of Service

I hereby certify that on May 20, 2021, I filed the foregoing electronically with the Clerk of Court with consequent service on the parties.

\_\_\_\_/s/_____
John C. Kiyonaga