IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:19-CR-334 (LMB) |
| XIZHI LI, | Sentencing Date:  October 26, 2021 |
| *Defendant*. | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing in this case. The government has reviewed the Presentence Report and concurs with the findings of the Probation Office, except that, for the reasons set forth below, the defendant's total offense level should be 44 rather than 41.  The government agrees that the defendant is a Criminal History Category of I, thus yielding a guidelines range of life.  Notwithstanding the fact that the offense of conviction carries a statutory maximum of 20 years' imprisonment, in accordance with the plea agreement, the government respectfully submits that a sentence of 180 months is reasonable and appropriately accounts for the factors set forth under 18 U.S.C. § 3553(a), including the need to avoid unwarranted sentencing disparities.

## BACKGROUND

From at least 2009 through in and around December 2019, the defendant Xizhi Li led a conspiracy operating in the United States, Mexico, Guatemala, Belize, China, Suriname, and elsewhere that helped foreign drug trafficking organizations (DTOs) launder and repatriate

proceeds generated from the unlawful drug sales in the United States.  This money laundering organization had direct contact with foreign DTOs to obtain contracts to move and launder illegal drug proceeds in exchange for commissions.  The organization used a complex methodology, known as "trade-based money laundering", in which drug proceeds are used to purchase goods, and value is transferred between countries through "mirror transactions" and/or the export and sale of goods.  This money laundering methodology facilitates the movement of illegal drug proceeds from the U.S. to Mexican DTOs in a manner that conceals the nature and source of the proceeds and avoids the risk of detection associated with wiring funds between financial institutions.

The defendant and his co-conspirators went to great lengths to conceal the nature, source, ownership, and control of the drug proceeds they laundered.  When illegal drug sales in the United States generated bulk cash, money couriers would transport the cash across the United States so that other members of the conspiracy could conduct additional financial transactions in a different location from the state where the drugs were sold.  Further, members of the money laundering conspiracy used bank accounts in the United States, China, Mexico, and elsewhere, including accounts opened under fictitious identities, to conduct financial transactions with drug proceeds.  Defendant Xizhi Li regularly used false identities and fraudulent identification documents to cover his tracks.  Xizhi Li, and other members of the conspiracy, also relied on end-to-end encrypted communications applications, such as "WeChat" and "WhatsApp," to communicate about their unlawful activities without fear of detection by law enforcement.

Xizhi Li had direct ties to members and representatives of notorious Mexican DTOs through whom he received "contracts" to launder their U.S.-based proceeds. He used various networks of individuals in the United States to transport the money so it could: 1) be "sold" to

2

individuals in need of dollars in the United States; 2) deposited into Chinese bank accounts; or 3) converted into goods that were shipped to China for re-sale. In each instance, the transactions converted narco-dollars into Chinese currency that was used to fund the purchase of Chinese goods that were shipped to Latin America, often Mexico. The sale of these goods would generate local currency that was used to repay drug traffickers or individuals who loaned the organization money to repay drug traffickers. The defendant led the conspiracy by acting as the conduit between the DTOs and the money laundering networks, and by directing the actions of those networks in the United States.

Specifically, the defendant utilized courier networks in California and New York to transport cash. The California network included individuals such as George Yu and Jingyuan Li. George Yu was responsible for physically transporting money from various locations in the United States to Los Angeles where it was laundered by others. In March 2016, George Yu was arrested in Seward County, Nebraska while transporting $340,000 of drug proceeds that he picked up in Chicago on behalf of Xizhi Li. Jingyuan Li was responsible for helping Xizhi Li to convert the drug-dollars into Chinese currency. One method by which he accomplished this task was by using the illicit money to purchase seafood through an import-export company in California known as Shuoyu USA, Inc. Jingyuan Li purchased at least $1,000,000 worth of seafood using money he received from Xizhi Li and his co-conspirators.

The New York network was directed by Jianxing Chen and Qiyun Chen. Xizhi Li used this network to conduct cash pickups throughout the United States. The money was typically delivered to addresses in Brooklyn, New York, from which it would be laundered by other individuals working on behalf of Jianxing Chen. Other members of the New York network included Jiayu Chen and Xueyong Wu. Jiayu Chen was responsible for receiving money from

couriers in Brooklyn, while Wu was responsible for coordinating cash pickups throughout the United States. Further still, both Wu and Jianxing Chen operated a casino in Guatemala City on Xizhi Li's behalf. They used this casino, in part, to show drug traffickers that they were wealthy businessmen. This helped generate more contracts for the conspiracy to launder drug money.

On November 7, 2019, a federal grand jury sitting in the Eastern District of Virginia returned an Indictment charging the defendant in three counts with: conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it will be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963 (Count 2); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3).

On December 19, 2019, the defendant was expelled from Mexico to Houston, Texas, where he was taken into custody by the Drug Enforcement Administration, and later transported to the Eastern District of Virginia.

On September 24, 2020, the defendant was charged, with others, in a Superseding Indictment alleging the same three offenses.

On August 2, 2021, the defendant pleaded guilty, pursuant to a Plea Agreement, to Count 3 of the Superseding Indictment, Conspiracy to Commit Money Laundering. The government will move to dismiss Counts 1 and 2 of the Superseding Indictment against the defendant at sentencing.

<u>ANALYSIS OF SENTENCING FACTORS</u>

I.      <u>Overview of Applicable Law</u>

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them

into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the sentence. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Under Title 18, United States Code, Section 3553(a), the Court must consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D). The Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.     Analysis of the Applicable Guidelines

The United States disagrees with the Probation Officer's finding that defendant Xizhi Li is entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Application Note 4 to § 3E1.1 states, "Conduct resulting in an enhancement under §3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply." Probation found that defendant Xizhi Li obstructed justice under § 3C1.1 based his

attempts to pressure co-defendants to lie to law enforcement about their criminal association while in custody pending trial at the Alexandria Detention Center. The offense conduct shows that the defendant's case is not one of the extraordinary few where both §§3C1.1 and 3E1.1 would apply. Therefore, this Court should not afford him a 3-level reduction for acceptance of responsibility and his total offense level should be 44.

    III.   <u>Sentencing Recommendation</u>

A significant sentence is warranted to account for the nature and circumstances of the offense and the seriousness of the defendant's criminal conduct.  The defendant developed and led an international coalition of money launderers who enriched themselves on the back of international drug trafficking – a ruinous trade which has brought untold suffering to communities in the United States and fueled instability and political violence abroad. Consistent with the plea agreement, the United States recommends the Court sentence the defendant to 180 months' imprisonment.

In making this recommendation, the United States has considered defendant Xizhi Li's role as compared to his co-conspirators. First and foremost, Xizhi Li led this conspiracy and was assessed a 4-level enhancement under §3B1.1(a). By comparison, the Probation Office assessed co-defendant Qiyun Chen a 2-level aggravated role enhancement under §3B1.1(c). This Court sentenced her to 120-months' imprisonment. It thus follows that defendant Xizhi Li should receive a more aggravated sentence.

Defendant Xizhi Li's corrupt attempts to obstruct justice by manipulating his co-conspirators to lie to law enforcement also counsel in favor of the recommended sentence. This conduct calls for specific deterrence.

Finally, the complexity and scope of the defendant's scheme justify the recommended

sentence. The defendant utilized numerous fictitious identities to open bank accounts and establish businesses to further this money laundering conspiracy. Moreover, the conspiracy operated in nearly one-half dozen countries, across three continents, and perpetuated a terrible international cycle of addiction, violence, and turmoil.

In light of the foregoing, the government submits that a sentence of 180 months would be reasonable and "sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a).

Respectfully submitted,

Jessica Aber
United States Attorney

_____/s/_____
David A. Peters
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov

Deborah Connor, Chief
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice

By:      /s/
Mary K. Daly
New York Bar (4263265)
Trial Attorney
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I filed the foregoing with the Clerk through CM/ECF and provided an electronic copy to Gregory English, Esq., counsel for the defendant.

Jessica Aber
United States Attorney

_____/s/_____
David A. Peters
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
David.Peters@usdoj.gov


Deborah Connor, Chief
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice

By:     /s/ Mary K. Daly
Mary K. Daly
New York Bar (4263265)
Trial Attorney
Money Laundering and Asset Recovery
Section
Criminal Division
U.S. Department of Justice

8