
FILED
IN OPEN COURT

OCT 26 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:19-cr-334 (LMB) |
| | ) | |
| XIZHI LI., | ) | |
| | ) | |
| *Defendant.* | ) | |

CONSENT ORDER OF FORFEITURE

WHEREAS, on August 2, 2021, the defendant, Xizhi Li, pleaded guilty to Count Three of the Superseding Indictment, charging the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and agreed to the entry of a forfeiture money judgment in the amount of $9,382,475.76 that is the subject of this forfeiture order;

WHEREAS, the defendant obtained $10,000,000 during his participation in the conspiracy to commit money laundering, which the government has agreed would be offset by $617,524.24 previously seized and forfeited in the Western District of Tennessee.[1] The defendant will be solely liable for $9,382,475.76;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the Indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

---

[1] 2:19-cv-2265 (W.D. Tenn. Jan. 8, 2020, Dkt.18)

[Clerk, U.S. District Court, Alexandria, Virginia stamp]

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), 18 U.S.C. § 982(a)(1), against the defendant, Xizhi Li, for $9,382,475.76, an amount that represents the sum involved in the conspiracy to commit money laundering, the offense of conviction, and an amount for which the defendant shall be solely liable.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets. The defendant stipulates and the Court finds that requirements of 21 U.S.C. § 853(p)(1) have been met.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civ. P. 45, the issuance of subpoenas.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this order shall be included in the judgment in this case.

5. Because the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Fed. R. Crim. P. 32.2(c)(1).

Date: October 26, 2024
Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

WE ASK FOR THIS:

Jessica D. Aber
United States Attorney
Eastern District of Virginia

By: _____
David A. Peters
Assistant United States Attorney

Deborah Connor
Chief, Money Laundering and Asset Recovery Section
U.S. Department of Justice, Criminal Division

_____
Kerry Blackburn
Mary Daly
Trial Attorneys

_____
Xizhi Li
Defendant

_____
Gregory English, Esq.
Counsel for the Defendant